DELTA NEHI BOTTLING Co. *v.* LUCAS.

(Division A. Jan. 9, 1939. Suggestion of Error Overruled Feb. 6, 1939.)

[185 So. 561. No. 33491.]

Gardner, Denman & Everett, of Greenwood, for appellant.

Knox Lamb and J. W. Bradford, both of Greenwood, for appellee.

698

Argued orally by **Richard Denman**, for appellant, and by **Knox Lamb**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, a woman about sixty-three years of age, brought an action against appellant for damages for an illness alleged to have been caused or aggravated by a deleterious substance in a bottle of R. C. Cola, bottled by appellant and placed on the market for human consumption, part of the contents of the bottle having been drunk by appellee. The illness and the presence in the bottle of a foreign substance are overwhelmingly proved, and in such a manner as to dispel any suspicion of fabrication.

It is contended that there was no sufficient proof that appellant manufactured the particular bottle of soft drink here in question. While that issue is not proved on behalf of appellee as satisfactorily as ought to have been done, we have come to the conclusion that upon the whole record there is sufficient to prevent a reversal on that point.

The second question is whether there is sufficient proof that the foreign substance in the bottle was in fact poisonous or deleterious to such an extent as to have been a proximate cause, or contributing cause, of the illness, or of an aggravation thereof. The witnesses all agree,

among them the physician who was called, that in the bottle there was a metal object which had the appearance of a corroded paper clip and that around it there clung a greenish substance which some of the witnesses described as having the appearance of mother of vinegar, this substance having a length of about 1½ inches and a diameter of about ¾ inch.

Appellee drank a part of the contents of the bottle without having noticed the bottle itself. But upon the first draught she became aware that something was wrong, and thereupon looking to the bottle found the contents as stated. In about fifteen or twenty minutes she was seized with an attack of violent vomiting, with intense pains in the stomach, and having failed to get relief from first aid home treatments a physician was called, who arrived about two hours after the drink had been taken. He concluded that she was suffering from ptomaine poisoning and treated her accordingly. She did not respond to the treatment as readily and as fully as would have been expected and the physician made the next day an analysis of her urine and found that appellee was in fact suffering from pyelitis. Appellee continued to suffer for some days.

The medical testimony contained in the record is not entirely clear, and as usual is not entirely in agreement; but looking to it as a whole in the light in which the jury could reasonably have interpreted it, that testimony indicates that pyelitis is a disease of the urinary tract which manifests itself in occasional acute symptomatic outbreaks; that among such occasions is when there has been a gastric upset; that these acute symptoms are similar in many respects to those in ptomaine poisoning; and the jury was warranted in the conclusion, based on testimony, that a person suffering with pyelitis is much more susceptible than a normal or well person to attacks of nausea which, in turn, will be attended with all the other concomitant and severer acute symptoms of the pyelitis.

The physicians spoke also of the likelihood that a normal person would sometimes become nauseated, his stomach upset, when seeing in plain view a nauseating or disgusting object in a container from which he had unsuspectingly drunk or eaten, a fact which the jury would know without the aid of physicians to tell them; and while it may well be said that such a likelihood as to a well and normal person is in the law only a remote possibility, yet, as already mentioned, the jury was justified in concluding from the testimony that as to a person suffering with pyelitis such a likelihood was more than a remote possibility, but was a real and substantial likelihood of appreciable weight and moment. In fact, the attending physician, although disclaiming any knowledge whether the foreign substance in the bottle was actually poisonous, nevertheless averred that it was the drink, in the condition which it appeared to be, which in fact caused the gastric upset and thus was a direct contributing cause of an aggravation of the attack which appellee suffered.

There being sufficient before the jury to justify and support them in the stated conclusions, there remains only to apply the two following rules,—of equal force as to warrantors of food or drink for human consumption: (1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable. (2) The negligent actor may be liable for harm to another, although a physical condition of the other, which was neither known nor should have been known to the actor, makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct. Tri-State Transit Co. v. Martin, 179 So. 349, 351.

Affirmed.